## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAKHVIR SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-417-SLP |
| | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, et al., | ) |
| | ) |
| Respondents. | ) |

## **O R D E R**

Petitioner, Lakhvir Singh, represented by counsel, filed a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation

[Doc. No. 21] (R&R) of United States Magistrate Judge Chris M. Stephens.  The

Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an

Objection, [Doc. No. 22], Petitioner has filed a Response to the Objection, [Doc. No. 23],

and the matter is at issue.[1]

The Court reviews de novo any portion of the R&R to which the parties have made

specific objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other

issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*,

950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d

1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow,

the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

---

[1] Citations to the parties' briefing submissions and record reference the Court's ECF pagination.

## I.    __Background__

Petitioner is a citizen of India.  On or around January 3, 2013, Petitioner entered the United States without inspection or admission near Douglas, Arizona.  Shortly thereafter, Petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A).[2]

On March 12, 2013, Immigration and Customs Enforcement (ICE) placed Petitioner into removal proceedings by issuing a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Petitioner filed an application for asylum on March 13, 2014.  On March 11, 2024, an Immigration Judge granted a joint Motion to Dismiss seeking dismissal of Petitioner's removal proceedings.

On October 23, 2025, ICE re-detained Petitioner, pursuant to 8 U.S.C. § 1225(b)(2)(A), after taking custody of him from Oklahoma Highway Patrol.  On the same day, ICE placed Petitioner into new removal proceedings by issuing a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  At some point thereafter, Petitioner filed a new application for asylum.  Petitioner is currently detained in the Cimarron Correctional Facility.[3]  Removal proceedings are ongoing.

On March 5, 2026, Petitioner filed this action.  He claims violations of the Immigration and Nationality Act (INA) and a violation of his due process rights under the Fifth Amendment to the United States Constitution.  R&R [Doc. No. 21] at 3.  Petitioner

---

[2] The record before the Magistrate Judge was not clear as to the basis for Petitioner's original detention and release. However, Respondents, in their Objection, confirmed Petitioner was released pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* Obj. [Doc. No. 22] at 8.

[3] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 2, 2026).

claims that § 1225(b)(2) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  Petitioner further contends that his continued detention violates the Administrative Procedures Act.  *Id*. at 4.  Petitioner also requests declaratory and injunctive relief, including that: (1) Respondents be restrained from transferring Petitioner pending the resolution of the Petition, (2) Respondents be restrained from transferring Petitioner for the purposes of removal, (3) the Court order the removal of any current or future electronic monitoring device, and (4) the Court stay Petitioner's removal until he exhausts all immigration remedies.  *Id.*  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").  *Id.*

## II.    **<u>Discussion</u>**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within ten days of the Court's Order.  The Magistrate Judge further recommended that the Court should order the government bear the burden at the bond hearing to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify his continued detention.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's Administrative Procedures Act claim and requests for additional injunctive relief.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention because Petitioner is an 'applicant for admission' that is 'seeking admission', and therefore subject to 8 U.S.C. § 1225(b)(2)(A). The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues. The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court. *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[4] Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

Respondents also assert in their Objection that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2), after the revocation of parole. Respondents assert that the issuance of the Notice to Appear

---

[4] To date, the Tenth Circuit has not ruled on the issue. *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).

4

revoked Petitioner's parole. As a result of the revocation, Respondents maintain that detention under § 1225(b)(2) is mandated by function of 8 U.S.C. § 1182(d)(5). The statute provides, in relevant part:

> The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and *thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States*.

*See* 8 U.S.C. § 1182(d)(5) (emphasis added). Respondents rely solely on the Tenth Circuit's decision in *Baca-Prieto v. Guigni* and on the language of § 1182(d)(5) for their proposition. However, the Court finds Respondents' reliance on the *Baca-Prieto* decision misplaced as it is distinguishable from the present matter. The *Baca-Prieto* court discussed the status of paroled non-citizens in the context of the "advance-parole exception to re-entry" in exclusion proceedings prior to the enactment of the Illegal Immigration Reform and Nationality Act of 1996. *See Baca-Prieto v. Guigni*, 95 F.3d 1006, 1011 (10th Cir. 1996). The Tenth Circuit did not address the effect of parole under § 1182(d)(5) nor detention under § 1225(b)(2). As such, the Court finds that *Baca-Prieto* does not render Petitioner subject to detention under § 1225(b)(2).

Furthermore, Respondents do not cite to any on-point authority for their proposition that detention is mandated under § 1225(b)(2) after revocation of parole. Courts have

found that 1225(b)(2) does not apply in circumstances, like Petitioner's, where the noncitizen has resided in the country for several years before their parole under § 1182(d)(5) is revoked. *See Kumar v. Johnson*, 2026 WL 937560, at *1-2 (W.D. Okla. Apr. 7, 2026) (rejecting respondents' argument that § 1225(b)(2) controls the detention of a petitioner who was initially released on parole under 8 U.S.C. § 1182(d)(5)(A) and later re-detained); *Capote Zamora v. Mullin*, No. 26-CV-00538-PAB, 2026 WL 1026810, at *3 (D. Colo. Apr. 16, 2026) ("[R]egardless of whether petitioner was detained pursuant to § 1225(b)(1) or § 1225(b)(2) upon his initial entry into the United States, petitioner's detention did not revert back to § 1225 when his parole was terminated."); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *4 (S.D.N.Y. Apr. 3, 2026) (rejecting Respondents' argument that Petitioner was detained under § 1225(b)(2) after revocation of parole); *see also Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 at *15 (2d Cir. April 28, 2026) (rejecting Respondents' "entry fiction" arguments in the context of 8 U.S.C. §  1225(b)(2)).

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court accordingly adopts its reasoning set forth in *Lopez*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7.  In doing so, the Court concurs with the Magistrate Judge and finds that 1226(a) controls Petitioner's detention.

Finally, Respondents contend that "Petitioner is 'seeking admission' through his asylum application. . .[and that] [t]he R&R does not address this point."  Obj. to R&R [Doc. No. 22].  Specifically, Respondents argue that because of Petitioner's application for asylum, he is subject to § 1225(b)(2)(A).  The Court finds Respondents' position

unpersuasive. The Second Circuit recently addressed this issue and found that actions, such as the filing of an application for asylum, are requests for "non-admission forms of relief" and do not deem non-citizens residing in the country as "seeking admission." *See Cunha*, 2026 WL 1146044 at *7. The holding in *Cunha* is consistent with numerous district courts decisions in this district and outside of this district. *See, e.g., Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026); *Merchan-Pacheo v. Noem*, No. 1:25-cv-3860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026); *Issahaku v. Olson*, --- F. Supp. 3d. ---, 2025 WL 3539290, at *5 (E.D. Ky. Dec. 10, 2025). For these reasons, the Court finds that Petitioner's application for asylum does not render him seeking admission under § 1225(b)(2). Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

Respondents do not address in their Objection the Magistrate Judge's findings and conclusions as to Petitioner's entitlement to relief under his due process claim and the placement of the burden of proof on the government at a bond hearing. Accordingly, Respondents have waived review of such issues. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

### III. Conclusion

IT IS THEREFORE ORDERED as follows:

1. The Petition is GRANTED, in part, and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business (5) days of this Order or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2.      If a bond hearing occurs, Respondents shall bear the burden of proof to justify

Petitioner's continued detention by clear and convincing evidence.

The Court finds no further relief is warranted.[5]

IT IS SO ORDERED this 5th day of June, 2026.

 

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] As the Magistrate Judge noted, if Petitioner seeks recovery of attorney fees under the Equal Access to Justice Act (EAJA), he "must seek those separately after a final judgment." *See* R&R at 4, n. 4 (citations omitted).